IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


| | | |
|---|---|---|
| JESSIE SCOTT, | : | |
| Petitioner, | : | |
| vs. | : | CA 14-0189-LAC-C |
| ALVIN SPEIGHTS, Community Correction Manager, Federal Bureau of Prisons, et al., | : | |
| | : | |
| Respondents. | | |

**REPORT AND RECOMMENDATION**

This cause is before the Court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. 1), which Jessie Scott has requested be dismissed without prejudice (Doc. 9). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Scott's petition be **DISMISSED** without prejudice.

On April 28, 2014, Scott, through Federal Public Defender Carlos A. Williams, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) By order entered May 9, 2014, the undersigned denied petitioner's request to appoint the Federal Public Defender's Office to represent him, ordered petitioner to file his petition and motion to proceed *in forma pauperis* on the correct court forms, and ordered petitioner to provide additional pertinent information in support of his § 2241 motion. (*See* Doc. 6.) Petitioner, again through the Federal Public Defender's Office, sought additional time to file a supplemental habeas corpus petition. (Doc. 7.) That request notified the Court that Scott had been transferred to a "BOP facility in Cumberland, Maryland[,]" (*id*. at ¶

2) and that in light of such transfer the Federal Public Defender expected to "advise Scott to request a transfer of this case to the District in Maryland[.]" (*Id.* at ¶ 5.) The request for an extension of time was granted (Doc. 8) and Scott now has filed *pro se* not a motion to transfer this case to the District of Maryland but, instead, a letter request that the Court dismiss his petition without prejudice (Doc. 9).

The undersigned discerns no reason to deny Scott's *pro se* request to dismiss his § 2241 petition inasmuch as the respondents have not filed an answer[1] and Rule 41(a)(1) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the opposing party serves an answer or a motion for summary judgment, Fed.R.Civ.P. 41(a)(1)(A)(i). Therefore, it is recommended that Scott's *pro se* request to dismiss his § 2241 petition (Doc. 9) be **GRANTED**. The granting of this letter request, and the dismissal of Scott's § 2241 petition without prejudice, will leave open for petitioner the option to file a § 2241 petition—which "ticks" all the correct boxes—in the District of Maryland, the district of incarceration. *See, e.g., Vance v. United States,* 476 Fed.Appx. 234, 234 (11th Cir. Aug. 6, 2012) ("The government argues, and Vance concedes, that the district court lacked subject-matter jurisdiction to entertain the petition because '[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.' *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)."); *United States v. Pruitt,* 417 Fed.Appx. 903, 904 (11th Cir. Mar. 16, 2011) ("[A] petition for writ of habeas corpus pursuant to § 2241 'may be brought only in the district court for the district in which the inmate is incarcerated.' *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)."); *United*

---

[1] Indeed, this case has not progressed to the stage where the respondents have been served and are under an obligation to file an answer. (*See* Docket Sheet.)

*States v. Kinsey,* 393 Fed.Appx. 663, 664 (11th Cir. Aug. 20, 2010) ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought 'only in the district court for the district in which the inmate is incarcerated.' *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); 28 U.S.C. § 2241(d).").

## CONCLUSION

The Magistrate Judge recommends that the instant habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED WITHOUT PREJUDICE,** as requested by petitioner Jessie Scott (Doc. 9).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of June, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

3